IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**ANDREW CLINTON CRUSE, Jr. #384608**                                              **PLAINTIFF**

**VERSUS**                                              **CIVIL ACTION NO. 1:16-cv-68-LG-JCG**

**CORRECTIONAL MEDICAL
ASSOCIATES,** *et al.*                                                                        **DEFENDANTS**

### REPORT AND RECOMMENDATION

This matter is before the Court *sua sponte* pursuant to 28 U.S.C. § 1915. Plaintiff Andrew Clinton Cruse, Jr., a *pro se* prisoner, filed his civil rights complaint pursuant to 42 U.S.C. § 1983 on February 26, 2016, and was granted *in forma pauperis* status pursuant to 28 U.S.C. § 1915 on March 23, 2016. (ECF No. 1); (ECF No. 6). It has come to the attention of the undersigned that plaintiff has, on not less than three occasions while detained, brought a civil action or appeal under § 1915 that has been dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted.  For the reasons stated below, and in accordance with 28 U.S.C. § 1915(g), the undersigned recommends that Plaintiff's *in forma pauperis* status be revoked, and that Plaintiff be ordered to pay the filing fee.

### I. DISCUSSION

There is no absolute right to proceed *in forma pauperis*. *Flowers v. Turbine Support Div.*, 507 F.2d 1242, 1244 (5th Cir. 1975). Under the Prison Litigation Reform Act (PRLA), a prisoner is afforded three "strikes" for the filing of lawsuits found to be frivolous, malicious, or noncognizable before the privilege to proceed *in*

*forma pauperis* (IFP) will be revoked, special circumstances notwithstanding. 28 U.S.C. § 1915(g) provides in pertinent part,

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

A prisoner receives a strike anytime he or she receives a qualifying dismissal from any court, regardless of whether the dismissal is subject to a pending appeal. *Coleman v. Tollefson*, 135 S. Ct. 1759, 1761, 1765 (2015).

In the Fifth Circuit, once a prisoner receives a third strike, his or her IFP status may be immediately revoked, even amidst a pending case. *See Davis v. Granger*, No. 2:12-cv-1746, 2015 WL 1800251 (W.D. La. Apr. 15, 2015); *McGrew v. Barr*, No. 3:10-272, 2011 WL 1107195 (M.D. La. Mar. 22, 2011); *but see Brown v. Timmerman-Cooper*, Nos. 2:10-CV-283, 2:10-CV-352, 2:10-CV-967, 2011 WL 1429078, at *2 (S.D. Ohio Apr. 14, 2011), *report and recommendation adopted,* No. 2:10-CV-283, 2011 WL 1740706 (S.D. Ohio May 4, 2011). The district court decisions in *Davis v. Granger* and *McGrew v. Barr* relied upon the Fifth Circuit's decision in *Adepegba v. Hammons*, which determined that "[t]he 'three strikes' provision merely codifies an existing practice in the courts designed to prevent prisoners from abusing the i.f.p. privilege." 103 F.3d 383, 387 (5th Cir. 1996). Indeed, "[b]efore the PLRA, courts routinely revoked a prisoner's ability to proceed i.f.p. after numerous

2

dismissals." *Id.* Thus, "[b]y adding section 1915(g), Congress determined that three qualifying dismissals constituted per se abuse of the i.f.p. procedures." *Id.*

The *Adepegba* Court also concluded that 28 U.S.C. § 1915 "is a procedural statute," neither affecting a prisoner's substantive rights nor blocking his or her access to the courts. *Id.* at 386. This is because "[a] prisoner may still pursue any claim after three qualifying dismissals, but he or she must do so without the aid of the i.f.p. procedures." *Id.* Requiring a plaintiff to pay the filing fee is therefore "neither novel nor penal." *Id.* at 387.

Mr. Cruse recently received a strike on September 16, 2016 with the dismissal of his case in *Cruse v. Brisolara*, 1:15-cv-172-RHW (S.D. Miss. Sept. 16, 2016), *appeal dismissed* No. 1-16-60649 (5th Cir. Dec. 8, 2016), for failure to state a claim upon which relief could be granted. He has at least two prior strikes resulting from *Cruse v. Pope*, 1:97-cv-501-WJG (S.D. Miss. Mar. 31, 1999) (dismissing for failure to state a claim upon which relief could be granted), and *Cruse v. Lowe's Home Centers, Inc.*, 1:98-cv-128-DCB (S.D. Miss. Apr. 16, 1998) (dismissing for failure to state a claim upon which relief could be granted). Mr. Cruse has proven himself to be a frequent filer; his other lawsuits have been dismissed in *Cruse v. Gautier Police Dep't*, 1:91-cv-79-DCB (S.D. Miss. Feb. 2, 1993), in *Cruse v. Pope*, 1:98-cv-127-WJG (S.D. Miss. Sept. 27, 1999), on interlocutory appeal in *Cruse v. Pope*, 99-60044 (5th Cir. Apr. 12, 1999), and on interlocutory appeal from the instant case in *Cruse v. Correctional Medical Assoc.*, 16-60624 (5th Cir. Oct. 10, 2016). The undersigned finds that Plaintiff has received at least three strikes

against him; he has therefore abused the privilege to invoke IFP status by having filed so many meritless lawsuits and appeals. Unless Mr. Cruse is under imminent danger of serious physical injury, his "IFP status should be revoked even though the final strike was declared after he filed this litigation." *Davis*, 2015 WL 1800251, at *3.

"By using the term 'imminent,' Congress indicated that it wanted to include a safety valve for the 'three strikes' rule to prevent impending harms, not those harms that had already occurred." *Malik v. McGinnis*, 293 F.3d 559, 563 (2d Cir. 2002) (quoting *Abdul-Akbar v. McKelvie*, 239 F.3d 307, 315 (3d Cir. 2001)). Thus, the imminent danger exception only applies to danger existing at the time the complaint is filed. *Baños v. O'Guin*, 144 F.3d 883, 884 (5th Cir. 1998). The exception does not apply in the case at bar.

In his Complaint (ECF No. 1), Mr. Cruse seeks $6,000,000.00 in damages for pain and suffering related to delayed and inadequate medical care.[1] Plaintiff later supplemented his complaint to also request injunctive relief in addition to monetary damages, such as court-ordered treatment and court monitoring of the jail. (ECF No. 8, at 1-2). First, Cruse asserts that he had been dealing with hip pain originating before his most recent arrest, that his hip and leg were not medically examined for thirteen months, and that he has not received the preferred treatment for his hip and leg conditions. (ECF No. 90, at 10-13). Second, he claims that he did

---

[1] It should be noted that many of the claims that follow were not outlined in his original complaint, but through supplementation in subsequent filings and at the screening hearing held pursuant to *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985). In an abundance of caution, the Court will consider them as part of the original complaint.

4

not receive recommended surgery to remove two hernias from his gastrointestinal tract after they were discovered on a CT scan he received while in the hospital for having suffered a heart attack. *Id.* at 14-16. Third, he alleges that Dr. Todd Coulter misdiagnosed him with Hepatitis C back in 2006 or 2007 when he was serving a different prison sentence, and it led him to limit his sexual encounters to only individuals with Hepatitis C because of Mississippi state law. *Id.* at 18-20; (ECF No. 8, at 6, 8). Fourth, he claims that he has received inadequate medical treatment for whatever medical condition has led fluid to accumulate in his legs. (ECF No. 90, at 20-22). Fifth, and finally, he complains of unsanitary conditions in the Harrison County Adult Detention Center, such as the presence of mold and dust mites throughout the facility. *Id.* at 23-24.

Notwithstanding his conclusory assertions that Defendants "know they are creating a substantial risk of bodily harm" (ECF No. 1, at 5), Cruse acknowledges that he has, in fact, received substantial medical care, *see, e.g.*, (ECF No. 90, at 33-44, 50-57, 60-69), and, at his omnibus hearing on August 18, 2016, he rated his hip and leg pain at a three on a scale of one to ten. (ECF No. 90, at 62). Cruse has not alleged any danger of serious physical injury, and even if he could show some serious physical injury, it would be from past events, not impending harm.[2]  He is therefore not entitled to proceed *in forma pauperis*. *Adepegba*, 103 F.3d at 387.

---

[2] Indeed, he initially sought only monetary damages for his alleged pain and suffering.

## II. RECOMMENDATION

Accordingly, the undersigned recommends (1) that Mr. Cruse's *in forma pauperis* privilege be revoked, and (2) that Mr. Cruse be ordered to pay the requisite filing fee to the Clerk of Court no later than thirty (30) days from the day that any order revoking his IFP status becomes final. Further, it is recommended that Plaintiff be warned that failure to timely pay any required filing fee would result in dismissal of this case for want of prosecution under Federal Rule of Civil Procedure 41(b).

**SIGNED,** this the 14th day of December, 2016.

*s/ John C. Gargiulo*
JOHN C. GARGIULO
UNITED STATES MAGISTRATE JUDGE