IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**ANDREW CLINTON CRUSE, JR.**                        **PLAINTIFF**

v.                                    **CAUSE NO. 1:16CV68-LG-RHW**

**CORRECTIONAL MEDICAL ASSOCIATES,
ET AL.**                                              **DEFENDANTS**

## ORDER ADOPTING REPORT AND RECOMMENDATION, REVOKING IFP STATUS, AND REQUIRING PAYMENT OF FILING FEE

BEFORE THE COURT is the [112] Report and Recommendation of United States Magistrate Judge John C. Gargiulo entered in this action of December 14, 2016. Plaintiff Andrew Clinton Cruse, Jr., a *pro se* prisoner, filed this action pursuant to 42 U.S.C. § 1983. Cruse has alleged unconstitutional denial of medical care and various other constitutional violations.

In his Report and Recommendation, Judge Gargiulo determined that Plaintiff Cruse, who was granted *in forma pauperis* (IFP) status on March 23, 2016, "has, on not less than three occasions while detained, brought a civil action or appeal under [28 U.S.C.] § 1915 that has been dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted." (Rep. & Rec. 1). As a result, Judge Gargiulo recommended to this Court that Plaintiff Cruse's IFP "status be revoked, and that Plaintiff be ordered to pay the filing fee." (*Id.*).

Because Plaintiff Cruse timely filed his [114] Objection to the Report and Recommendation, the Court reviews the objected-to portions of that Report and Recommendation *de novo. See Kreimerman v. Casa Veerkamp, S.A. de C.V.*, 22 F.3d

1

634, 646 (5th Cir. 1994); *Longmire v. Guste*, 921 F.2d 620, 623 (5th Cir. 1991). Such a review means that the Court will consider the record which has been developed before the Magistrate Judge and make its own determination on the basis of that record. *See, e.g., United States v. Raddatz*, 447 U.S. 667, 675 (1980). The Court has conducted the required review and finds that Plaintiff Cruse's IFP status should be revoked and that Cruse must pay the required filing fee. **Failure to timely pay the filing fee will result in immediate dismissal of this action.**

### DISCUSSION

The Prison Litigation Reform Act (PLRA) provides that a prisoner's privilege to proceed IFP is denied if he has on three prior occasions during detention had an action or appeal dismissed as frivolous, malicious, or for failing to state a claim. 28 U.S.C. § 1915(g). Excepted from this bar are cases in which "the prisoner is under imminent danger of serious physical injury." *Id*. The Court considers all actions which were dismissed as frivolous, malicious, or which failed to state a claim, whether dismissed before or after enactment of the PLRA. *Adepegba v. Hammons*, 103 F.3d 383, 386 (5th Cir. 1996).

> Denial of IFP status under the three strikes provision is a
>
> matter[ ] of procedure. Section 1915(g) does not affect a prisoner's substantive rights, and it does not block his . . . access to the courts. A prisoner may still pursue any claim after three qualifying dismissals, but he . . . must do so without the aid of the i.f.p. procedures. . . . Prisoners who are not allowed to proceed i.f.p. may pursue their substantive claims just as anyone else by paying the filing fee. This requirement is neither novel or penal. It does not increase a prisoner's liability, but merely puts prisoners who abuse a privilege on the same footing as everyone else.

*Id.* at 386-87; *see also Polanco v. Hopkins*, 510 F.3d 152, 156 (2d Cir. 2007) ("As an initial matter, we note that [IFP] status is not a constitutional right, but rather a congressionally created benefit which can be extended or limited by Congress.") (citation and quotation marks omitted).

The Magistrate Judge found that Plaintiff Cruse has received a qualifying "strike" in the following cases: 1:97cv501, 1:98cv128, and 1:15cv172, which was dismissed during the pendency of this action. In his Objection, Cruse attempts to argue the merits of those cases, but does not contest that he was, in fact, assessed a strike in each. The Court has conducted its own review and also finds that Cruse has received three strikes. The Court further agrees with other courts in this Circuit, relying on *Adepegba*, that even where a prisoner's third strike comes during the pendency of a case – such as here – his IFP status may be immediately revoked upon receipt of the the third strike. *See, e.g.*, *Davis v. Granger*, No. 2:12-cv-1746, 2015 WL 1800251 (W.D. La. Apr. 15, 2015); *McGrew v. Barr*, No. 3:10-272, 2011 WL 1107195 (M.D. La. Mar. 22, 2011).

Thus, this Court must determine whether Cruse qualifies for the imminent danger exception to the three strikes rule. "[A] prisoner with three strikes is entitled to proceed with his action . . . only if he is in imminent danger at the time that he seeks to file his suit in district court or . . . files a motion to proceed IFP." *Banos v. O'Guin*, 144 F.3d 883, 884 (5th Cir. 1998). "Further, '[b]y using the term 'imminent,' Congress indicated that it wanted to include a safety valve for the 'three strikes' rule to prevent impending harms, not those harms that had already

occurred." *Malik v. McGinnis*, 293 F.3d 559, 563 (2d Cir. 2002) (quoting *Abdul-Akbar v. McKelvie*, 239 F.3d 307, 315 (3d Cir. 2001)).

Like the Magistrate Judge, this Court concludes after a *de novo* review of the record that Cruse does not qualify for the imminent danger exception. Nonetheless, the Court has also carefully considered the arguments made in Cruse's objection, including the evidence he has submitted (much of which he has previously submitted in various filings).

Cruse's evidence of medical complaints made in 2015 relates to alleged past harms, and does not show that Cruse is currently under imminent danger of serious physical injury, or that he was in such danger at the time he filed his Complaint and moved to proceed IFP. *See, e.g.*, *Malik*, 293 F.3d at 563. Additionally, Cruse's conclusory assertions that "he has been made sick and . . . has life threatening fluid on his body that can . . . kill him because of [his] chronic C.O.P.D."[1] and that he is purposefully being "over medicated with Ibruprofen", (*see* Obj. 3, ECF No. 114), are insufficient. *See, e.g., Warren v. Ellis Cty.*, 519 F. App'x 319, 320 (5th Cir. 2013); *see also Avrie v. Tanner*, 518 F. App'x 304, 305 (5th Cir. 2013) ("Although he apparently disagrees with the course of his treatment, there is nothing to suggest that [the plaintiff prisoner]'s medical conditions place him in imminent danger of serious physical injury."); *Edmond v. Tex. Dep't of Corr.*, 161 F.3d 8, *3 (5th Cir. 1998) ("We

---

[1] COPD is Chronic Obstructive Pulmonary Disease. According to the American Lung Association's website, COPD, "which includes chronic bronchitis and emphysema, is a chronic lung disease that makes it hard to breathe." *See* http://www.lung.org/lung-health-and-diseases/lung-disease-lookup/copd/.

find that [the plaintiff prisoner's] complaints about the quality of his medical care are insufficient to meet the threshold requirement of imminent danger of physical injury.").

Cruse further argues that the jail where he is housed is "unsafe" and, as examples, states that he "has chronic C.O.P.D. and is housed in a medical zone that the roof has leaked for over a (1) one year period" and that "the ceiling is embedded with black mold inwhich [*sic*] is very dangerous to Plaintiff because of [his] chronic C.O.P.D. disease." (*See* Obj. 4, ECF No. 114). He also attaches a record of an October 16, 2016, emergency room visit for "COPD exacerbation." (*See* ECF No. 114-2 at p.25). However, there is nothing in the record which shows that the exacerbation was related to mold or other alleged conditions at the jail. In any event, the Court agrees with other courts that "have found similar allegations to be insufficient to overcome the application of the Three Strikes Rule." *See Cardona v. Bledsoe*, No. 3:CV-11-0054, 2011 WL 1832777, at *6 (M.D. Pa. May 12, 2011); *see also, e.g.*, *Polanco*, 510 F.3d at 155 (district court did not err in determining that prisoner's allegations did not support determination of imminent danger "with respect to his claims relating to the health risks associated with his exposure to mold").

## CONCLUSION

The Court has conducted the necessary *de novo* review. For the reasons discussed above, the Court is of the opinion that Judge Gargiulo's Report and

Recommendation should be adopted as the opinion of this Court.  Accordingly, Plaintiff Andrew Clinton Cruse's IFP status is revoked and he must pay the required filing fee to the Clerk of Court within thirty (30) days from the date that this Order becomes final.

  **IT IS THEREFORE ORDERED AND ADJUDGED** that the [112] Report and Recommendation of United States Magistrate Judge John C. Gargiulo, should be, and hereby is, adopted as the findings of this Court.

  **IT IS FURTHER ORDERED AND ADJUDGED** that Plaintiff's IFP status is **REVOKED**, and Plaintiff must pay the filing fee of $400.00 within thirty (30) days of the date this Order becomes final.  **Plaintiff is specifically warned that failure to timely pay the required filing fee will result in immediate dismissal of this case for want of prosecution under Federal Rule of Civil Procedure 41(b).**

  **SO ORDERED AND ADJUDGED** this the 29th day of December, 2016.

*s/ Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
CHIEF U.S. DISTRICT JUDGE